# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

3  545
3ap189

ISAIAH EMMONS AND OTHERS, PLAINTIFFS, *v.* SYLVESTER
A. WHEELER AND OTHERS, DEFENDANTS.

*Chapter 482, Laws of 1862 — canal boat is a vessel within meaning of — Exceptions ordered to be heard at the General Term — what will not be considered upon hearing of.*

A canal boat is a vessel within the meaning of chapter 482 of the Laws of 1862, providing for the collection of demands against ships and vessels.

*Crawford* v. *Collins* (45 Barb., 269) followed.

Upon the trial of this action, brought upon a bond given to release a canal boat from a warrant of attachment issued under the said act, the plaintiff was non-suited on the ground that a canal boat was not a vessel within the meaning of the act, and the exceptions were ordered to be heard in the first instance at the General Term. On the hearing at General Term, respondents insisted that the act was unconstitutional.* *Held,* that, as the point was not taken in the answer or at the circuit, and as it was not presented by any of the exceptions, it must be deemed waived.

Where a case comes before the General Term on exceptions taken at the circuit, no questions can be passed upon, except those arising upon exceptions duly taken to some decision made by the circuit judge at the trial, or in the final disposition of the case.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term.

*Cook & Fitzgerald,* for the plaintiffs.

*E. Thayer,* for the defendants.

Opinion by SMITH, J.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment reversed, and new trial granted, costs to abide event.

* Bird v. The Steamboat Josephine, 30 N. Y., 19; Vose v. Cockroft, 44 id., 415.